UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SULEYMAN YAZICI, on his own behalf
and all similarly situated individuals,

    Plaintiff,

v.                                    Case No.: 8:10-CV-2772-EAK-MAP

DESTINY OF DAVENPORT FLORIDA,
LLC, a Florida limited liability company,
NAZIM ALI, individually, and NANCY
ALI, individually,

    Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

THIS CAUSE is before this Court on Plaintiff's, SULEYMAN YAZICI, on his own behalf and all similarly situated individuals ("Plaintiff"), motion to strike Defendants' affirmative defenses to Plaintiff's complaint (Doc 12), and Defendants', DESTINY OF DAVENPORT FLORIDA, LLC, a Florida limited liability company, NAZIM ALI, individually, and NANCY ALI, individually ("Defendants"), response thereto (Doc 14). Specifically, Plaintiff moves this Court to strike the following affirmative defenses:

> Third Defense: "One or more of the Plaintiff's claims are barred by the doctrine of unclean hands."
>
> Fourth Defense: "Defendants assert a defense of setoff as a result of Plaintiff's activities and conduct."
>
> Fifth Defense: "Plaintiff's claims may be barred in whole or in part as Defendants did not gross $500,000.00 during the relevant time periods as required by 29 U.S.C. Sect. 203 (r)(1)."

(Doc. 8). Plaintiff contends that these affirmative defenses are not recognized as valid defenses under the Fair Labor Standards Act (FLSA), and should therefore be stricken. This Court will address Defendants' affirmative defenses in turn.

1

I.  Standard of Review

As a general matter, courts have broad discretion in considering a motion to strike defenses. However, motions to strike are generally disfavored unless the allegations have no possible relation to the controversy and may cause prejudice to the other party. *See Poston v. Am. President Lines, Ltd.*, 452 F.Supp. 568, 570 (S.D. Fla. 1978). Rule 12(f) states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed.R.Civ.P. 12(f)*. In other words, a defense will be stricken if it is insufficient as a matter of law. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp. 2d 1314, 1318 (S.D. Fla. 2005) (quoting *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F.Supp 992, 1000 (M.D. Fla. 1976) (a defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law)).

Affirmative defenses must also comply with the general pleading requirement of Rule 8(a), which requires a "short and plain statement" of the claimed defense. *See Fed.R.Civ.P. 8(a)*. "Affirmative defenses, however, are subject to the general pleading requirements of Rule 8(a) and will be stricken if they fail to recite more than bare-bones conclusory allegations. *Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, No. 04-60861, 2005 WL 975773, at *11 (S.D.Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D.Fla. 2002)). Furthermore, courts have "broad discretion in disposing of motions to strike." *Porcelanas Florencia, S.A. v. Carribean Resort Suppliers, Inc.*, No. 06-22139, 2007 WL 171590, at *1 (S.D.Fla. Jan.18, 2007) (citing *Anchor Hocking Corp.*, 419 F.Supp. at 1000). While defendants are not required to set forth detailed facts, defendants must provide fair notice of the defense and the ground upon which it rests.

An "affirmative defense" is established when a defendant admits to the essential facts of the complaint, but sets forth other facts in justification and/or avoidance. *See Boldstar Technical, L.L.C. v. Home Depot, Inc.*, 517 F.Supp.2d 1283, 1291 (S.D. Fla. 2007). A defense that simply points out defects

or flaws in the complaint is not an affirmative defense. *See In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

II.  Unclean Hands and Setoff

Defendants assert the affirmative defense of unclean hands, but provide no factual basis for such a defense. To assert a defense of unclean hands, defendants must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted. *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 451 (11th Cir.1993) (citing *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245, 54 S.Ct. 146, 78 L.Ed. 293 (1933)). Here, Defendant's assertion that Plaintiff's claims are barred under the doctrine of unclean hands, without any facts, is therefore insufficient.

In *Home Mgmt. Solutions, Inc., v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834 at *4 (S.D. Fla. 2007), the court struck the affirmative defenses of unclean hands and setoff without prejudice where the affirmative defenses lacked "any supporting facts or the element of the defense". Similarly, in *Groves v. Patricia J. Dury, M.D., P.A.*, No. 2:06-cv-338-FtM-99SPC, 2006 WL 2556944, at *2 (M.D. Fla. Sept. 1, 2006), the court also struck unclean hands as an affirmative dense in an FLSA case where no supporting facts were pled. "[D]efendant's mere assertion of 'Plaintiff's claims are barred in whole or in part by virtue of their own unclean hands' sets forth no facts and is insufficiently plead." *Id.* As such, the Defendants' Third Affirmative Defense is stricken without prejudice to amend.

Defendants' claim in their fourth affirmative defense entitlement to offset for any amount paid to Plaintiff. However, once again the Defendants fail to set forth any factual support for claiming setoff, and thus, do not provide the Plaintiff with a basis upon which the defense is founded. *See Home Mgmt. Solutions, Inc*, 2007 WL 2412834 at *4. In *Morrison*, discussed supra, the court agreed that an affirmative offset defense was possible in some circumstances but struck the defense with leave to amend because it was a "bare bones conclusory statement" that did not allege facts in support and did not provide fair notice of the grounds on which it rested. 434 F.Supp.2d at 1322; *see also Jorge v. Sunnyside*

3

*Apartments, Inc.,* No. 8:07-cv-1191-T-24 MSS, 2007 WL 4150956, at *1 (M.D.Fla. Nov. 19, 2007) (citing *Morrison* as support for striking). The fourth affirmative defense does not state what, if any, compensation Plaintiff received to which he was not otherwise entitled, much less the nature of this compensation. The fourth affirmative defense is therefore stricken without prejudice to amend.

III. <u>Fifth Affirmative Defense: 29 U.S.C. Sect. 203 (r)(1)</u>

The fifth affirmative defense asserts that the Defendants have not grossed the required monetary amount to be sufficient to qualify under the FLSA. However, in the Defendants' response to Plaintiffs motion to strike (Doc. 14), Defendants group their first and fifth affirmative defenses together, maintaining that these defenses are asserted to provide a factual basis for the Plaintiff failing to state a claim upon which recovery can be had. Plaintiff did not move for this Court to strike Defendants' first affirmative defense, and thus, it is not clear why Defendants would group the two defenses together in their response. Defendants' first affirmative defense is based upon the alleged independent contractor status of the Plaintiff; Defendant's fifth affirmative defense is based upon the Defendants' failure to gross $500,000.00 during the relevant periods as required by 29 U.S.C. Sect. 203(r)(1); and in Defendants' response to Plaintiff's motion to strike, Defendants' state that their first and fifth affirmative defenses are actually failure to state a claim defenses citing to *Perales v. Schear Corp.,* 2010 WL 1839295 (M.D. Fla.), as precedent that failure to state a claim is a recognized defense under the FLSA. Upon reading Defendants' response to Plaintiff's motion to strike, it is not clear to this Court what basis or defense the Defendants are truly seeking. As such, Defendants' fifth affirmative defense is stuck without prejudice. Accordingly, it is:

**ORDERED** that Plaintiff's Motion to strike Defendants' Affirmative Defenses to Plaintiff's Complaint (Doc 12) is **GRANTED** as follows:

1. The Third Affirmative Defense of **unclean hands is stricken without prejudice and with leave to amend.**

4

2. The Fourth Affirmative Defense of **setoff is stricken without prejudice and with leave to amend.**

3. The Fifth Affirmative Defense as plead pursuant to **29 U.S.C. Sect. 203 (r)(1) I stricken without prejudice and leave to amend.**

4. Defendant is granted leave to amend its affirmative defenses within TEN (10) DAYS of this Order.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 30th day of March, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.